UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DUMAS,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BANGI, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01355 - LJO JLT (PC)<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. 12) |

    Plaintiff David Dumas ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983 and in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff joins the following as defendants to this matter: 1) E. Bangi, 2) Jack St. Clair, 3) Thomatos, and 4) Forster (collectively "Defendants"). (Doc. 1). Presently before this Court is Defendants' combined motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 12).

    Defendants assert that Plaintiff's claims against them fail because Plaintiff alleges facts that are insufficient to establish an Eighth Amendment claim for deliberate indifference to a serious medical need. (Doc. 12). In reply, Plaintiff essentially restates the allegations of his complaint and maintains that he adequately states a claim against Defendants. (Doc. 13).

    Having read and considered the pleadings, and for the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss as to **Defendants Forster, Thomatos, and St. Clair**, and the Court **DENIES** Defendants' motion to dismiss as to **Defendant Bangi**.

1

## I. BACKGROUND

At all times relevant to his complaint, Plaintiff was a state prisoner confined in the Sierra Conservation Center ("SCC") located in Jamestown, California. (Doc. 1 at ¶ 4.) Plaintiff indicates that he suffers from chronic back pain that interferes with, among other things, his ability to sleep. Id. at ¶9. All named Defendants were yard physicians at Facility C. Id. at ¶¶ 5-8.

It appears that Defendant Bangi is Plaintiff's primary care physician. Id. at ¶ 21. While no date is provided, Plaintiff described his chronic back pain to Defendant Bangi during his first meeting with Defendant Bangi. Id. at ¶ 10. Defendant Bangi prescribed aspirin for Plaintiff. Id. On subsequent visits with Defendant Bangi, Defendant Bangi terminated the consultation whenever Plaintiff would mention his back pain. Id. at ¶ 13. Dr. Bangi has not referred Plaintiff to a specialist nor provided Plaintiff with any further pain medication. Id. at ¶ 15.

On April 12, 2011, Defendant Forster met with Plaintiff. Id. at ¶ 17. This was the only time Defendant Forster met with Plaintiff. *See generally*, (Doc. 1). During this meeting, Plaintiff informed Defendant Forster that Plaintiff had been in constant pain since 2004. Id. at ¶ 17. Plaintiff explained to Defendant Forster that methadone is the only drug that provided relief for Plaintiff, but he would be willing to try another drug of similar "nature and strength." Id. at ¶¶ 17-18. Defendant Forster stated that he would not prescribe Plaintiff any medication because he was not Plaintiff's primary care physician and that he would not act against Defendant Bangi's directive. Id. at ¶ 21. Defendant Forster did, however, recommended a possible psychiatry evaluation. Id. at ¶ 22.

Defendant Thomatos examined Plaintiff on May 11, 2011, at which time Plaintiff sought qualification for a lower bunk and tier accommodation. Id. at ¶ 24. This was the only time Defendant Thomatos met with Plaintiff. *See generally,* (Doc. 1). Defendant Thomatos indicated that she only had record of Plaintiff's 2004 surgery in Plaintiff's medical file. Id. at ¶¶ 24-25. Defendant Thomatos found that Plaintiff did not meet the criteria to receive the requested accommodation. Id. at ¶ 27.

On May 26, 2011, Defendant St. Clair, as the chief medical officer, reviewed Plaintiff's medical file, but did not personally examine Plaintiff. Id. at ¶ 29. Defendant St. Clair stated that Plaintiff had an unrealistic expectation of a "complete absence of pain" and that Plaintiff did not need

2

a narcotic. Id. at ¶ 30.  According to Plaintiff, a proper dose of morphine or methadone should alleviate thirty to forty percent of his pain. Id. at ¶ 32.

In the present motion, Defendants, in essence, challenge that the complaint fails to allege sufficient facts to state a claim against them. (Doc. 12).

**II.  LEGAL STANDARDS**

**A.  Federal Rules Of Civil Procedure Rule 12(b)(6)**

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6); *see also* Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *See* Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the Court will assume the truth of all factual allegations and will construe them in the light most favorable to the nonmoving party. *See* Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). In analyzing a pleading, the Court sets aside conclusory factual allegations and accepts all non-conclusory factual allegations as true and then determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009).  Conclusions contained in the pleading "are not entitled to the assumption of truth."  Id. at 1950.  Thus, a plaintiff must state sufficient factual allegations that indicate his or her right to relief is more than speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).[1]

///

---

[1] Generally, in considering a Fed.R.Civ.P. 12(b)(6) motion, the Court cannot consider any material outside of the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  However, the court may consider materials that have been submitted as part of the complaint without converting a purported Fed.R.Civ.P. 12(b)(6) motion to dismiss into a Fed.R.Civ.P. 56 motion for summary judgment. Lee, 250 F.3d at 688.  As a preliminary matter, Defendants indicate that the Court may disregard "factual allegations that are controverted by exhibits attached to the complaint." (Doc. 12 at 6). Defendants cite to "Exhibit A" attached to the complaint to controvert the facts stated by Plaintiff in his complaint. *See* Id. at 7-9. However, the Court notes that Plaintiff submitted "Exhibit A" for the procedural purpose of demonstrating that he has exhausted his administrative remedies. (Doc. 1 at ¶ 36).  In fact, Plaintiff contests much of the substantive content of "Exhibit A" that was written by Defendants. *See*, *e.g.*, Id. at 17.  Thus, in considering Defendant's motion to dismiss the complaint, the Court will not consider the substantive content of "Exhibit A," but rather will limit its discussion to factual allegations stated by Plaintiff in his complaint. *See* Lee, 250 F.3d at 688.

**B.     42 U.S.C. § 1983**

To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 28 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976). In addition, a plaintiff must allege he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See* Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). As with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

### III.     DISCUSSION

**A. Violation of the Eighth Amendment Based on Inadequate Medical Care**

To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. *See* Farmer v. Brennan, 511 U.S. 825, 837-42

(1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. *See* Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A plaintiff fails to show "deliberate indifference" as a matter of law where a plaintiff shows "nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another" and both alternative courses of treatment are medically acceptable under the circumstances. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal quotations omitted).

In his complaint, Plaintiff avers that he suffers from chronic back apain. This pain allegedly hinders Plaintiff's ability to perform his daily activities and to sleep. As such, Plaintiff's allegations are sufficient to plead a serious medical need. *See* McGuckin, 974 F.2d at 1059-60 (chronic pain that affects a person's routine, daily activities indicates a serious medical need). Whether Plaintiff states a claim for inadequate medical care against each defendant therefore hinges upon whether Plaintiff alleges facts that demonstrate a deliberately indifferent response on the part of the Defendants. The Court addresses Plaintiff's claim against each defendant as follows:

**1. Plaintiff has properly stated a claim against Defendant Bangi.**

Plaintiff indicates that on several occasions he informed Defendant Bangi that he suffered from back pain. Defendant Bangi prescribed Plaintiff aspirin on his initial visit with Plaintiff. On all subsequent visits Defendant terminated Plaintiff's consultation when Plaintiff mentioned his back pain. No further treatment, examination, medication, or referral to a physician was recommended despite multiple visits with Defendant Bangi and the fact that Defendant Bangi was Plaintiff's apparent primary care physician. As a result, Plaintiff continued to suffer from chronic back pain.

Although Defendant Bangi did not completely deprive Plaintiff of medical care, deliberate indifference may also be demonstrated by the way in which prison physicians provide medical care. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Given Defendant Bangi's alleged cursory response to Plaintiff's multiple complaints of severe back pain and the alleged harm resulting

1 from the Defendant Bangi's failure to seek further treatment for Plaintiff, the Court finds that
2 Plaintiff's allegations are sufficient at this early juncture in pleading that Defendant Bangi acted with
3 deliberate indifference to a substantial risk to Plaintiff's health.  Thus, the Court **DENIES** the
4 Defendants' motion to dismiss the complaint as to **Defendant Bangi.**

### 2. Plaintiff has not properly stated a claim against Defendant Forster.

Plaintiff met with Defendant Forster on one occasion.  Plaintiff "made [Defendant] Forster aware" that narcotics were the only effective treatment for Plaintiff's back pain.[2]  Defendant Forster indicated that he would not prescribe medication because he was not Plaintiff's primary care physician and would not act against Defendant Bangi's directives.  Defendant Forster stated that he would make a recommendation for a possible psychiatry consult.

It appears that Defendant Forster met with Plaintiff for the purpose of reviewing Plaintiff's condition and make possible recommendations.  Plaintiff provides the Court with no further details of the examination beyond his conversation with Defendant Forster about methadone.  The Court notes that this was an initial consult only and Defendant Forster recommended a possible psychiatry consult. The Court finds that Plaintiff's allegations are insufficient to show that Defendant Forster acted with deliberate indifference to a substantial risk to Plaintiff's health.  Thus, the Court **GRANTS** Defendants' motion to dismiss as to **Defendant Forster.**

### 3. Plaintiff has not properly stated a claim against Defendant Thomatos.

Plaintiff indicates that Defendant Thomatos evaluated him on one occasion for the apparent purpose of determining Plaintiff's qualification for a low bunk and tier accommodation.  Defendant Thomatos examined both Plaintiff and his medical records.  Plaintiff complains that Defendant Thomatos did not qualify Plaintiff for his desired accommodation and that she could not find his second back surgery indicated in his medical file.  A mere disagreement of medical opinion is not actionable under the Eighth Amendment.  The Court finds that Plaintiff does not indicate how – if at

---

[2] That Plaintiff believes that methadone is the only effective treatment does not translate to an Eighth Amendment violation merely because the physician fails to prescribe the medication.

all - Defendant Thomatos delayed[3] Plaintiff's medical treatment or caused further pain to Plaintiff. Thus, the Court **GRANTS** Defendants' motion to dismiss the complaint as to **Defendant Thomatos.**

### 4. Plaintiff has not properly stated a claim against Defendant St. Clair.

Plaintiff indicates that Defendant St. Clair reviewed Plaintiff's medical file, but did not personally examine Plaintiff. It appears that Defendant St. Clair is the chief medical examiner at SCC who met with Plaintiff for the purpose of reviewing his subordinates' medical treatment of Plaintiff. Defendant St. Clair opined that Plaintiff did not need narcotics. As with Defendant Thomatos, Plaintiff does not allege that Defendant St. Clair delayed Plaintiff's medical treatment or caused further pain to Plaintiff.

Furthermore, Plaintiff's main complaint with Defendant St. Clair concerns Defendant St. Clair's handling of Plaintiff's medical grievance. The Court notes that Plaintiff does not have a constitutional right to have his administrative grievance reviewed in any particular manner. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Thus, the Court **GRANTS** Defendants' motion to dismiss the complaint as to **Defendant St. Clair.**

## IV. LEAVE TO AMEND

Dismissal of a claim under this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court will grant Plaintiff an opportunity to amend the complaint to address the above deficiencies, as Plaintiff indicates that he can state a claim against the Defendants. If Plaintiff chooses to amend his complaint, in compliance with Fed. R. Civ. P. 8(a), it must be brief but must describe the particular actions of each defendant that he claims deprive him of his constitutional or federal rights. Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff is advised that he may not change the nature of this suit by adding new, unrelated claims to his amended complaint. See George v. Smith, 507 F.3d 605, 607 (no "buckshot" complaints). Factual allegations will be accepted as true, but "must be [sufficient] to raise a right to relief above the speculative level"

---

[3] The Court notes that Plaintiff was under the apparent continual medical care of Defendant Bangi and that Defendant St. Clair followed-up with Plaintiff approximately two weeks after Plaintiff's visit with Defendant Thomatos.

and establish plausibility. Twombly, 550 U.S. at 555-56 (2007) (citations omitted). Plaintiff is also advised that mere conclusions that are unsupported by factual allegations are insufficient to state a claim.

Plaintiff should be aware that an amended complaint supercedes any prior complaints. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior or superceded pleading." Plaintiff is advised that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

**ORDER**

For the reasons set forth above, the Court **ORDERS**:

1. Defendants motion to dismiss the complaint is **GRANTED** as to Defendants Forster, Thomatos, and St. Clair and **DENIED** as to Defendants Bangi;

2. Plaintiff is granted 21 days leave to amend from the date of service of this order. Alternatively, within 21 days, Plaintiff may notify the Court in writing that he wishes to proceed as to the cognizable claim against Defendant Bangi only.

**Plaintiff is advised his failure to amend the complaint as ordered will result in a recommendation dismissing this matter.**

IT IS SO ORDERED.

Dated:   **March 25, 2013**               /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE