# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DUMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>BANGI, M.D.,<br><br>    Defendant. | Case No.  1:12-cv-01355-LJO-JLT (PC)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>(*Doc. 37*) |

**I.  Background**

Plaintiff, David Dumas, is a state prisoner proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 on his claims under the Eight Amendment against Defendant Bangi, M.D. for deliberate indifference to Plaintiff's serious medical need.  (*See* Docs. 20, 23.)

Defendant filed a motion for summary judgment on November 21, 2013.  (Doc. 32.)  On December 18, 2013, Plaintiff filed an application for extension of time under Federal Rule of Civil Procedure 56(f)(2) ("Rule 56") wherein he requested "an enlargement of 60 days to file the opposition of Motion for Summary Judgment" ("Motion for EOT").  (Doc. 35.)  An order granting Plaintiff an extension of sixty days to file his opposition to the defense motion for summary judgment issued on December 23, 2013 ("EOT Order").  (Doc. 36.)  On January 9, 2014, Plaintiff filed a document directed to the undersigned titled, "Motion Requesting Court To Clarify It's [sic] Order of December 23, 2013 From The Actual Grounds The Extension of Time

1

was Requested; Ex Parte" ("Motion to Clarify") which is presently before the Court.  (Doc. 37.)

It appears that Plaintiff did not correctly understand the subsections of Rule 56, or the limits on allowances to conduct additional discovery to oppose a motion for summary judgment.  To the extent that this order explains Plaintiff's conundrum, his motion is **GRANTED**; to the extent that Plaintiff seeks reconsideration of the order regarding the request to extend the discovery deadline, his motion is **DENIED**.

**II.  Plaintiff's Motion to Clarify**

In the Motion to Clarify, Plaintiff states that he requested the extension of time in his Motion for EOT pursuant to Rule 56(f)(2) "to obtain discovery to dispute specific allegations or statements made in the Summary Judgment motion," that "[t]he additional discovery would uncover specific facts which would preclude summary judgment," and that he sought the extra time to be allowed "to seek discovery of potentially favorable information."  (Doc. 37, at 2:11-14.)

Plaintiff's Motion for EOT was submitted on a form on which Plaintiff handwrote various information on blanks provided.  (Doc. 35.)  In the caption of that form, Plaintiff wrote that he was seeking an extension of time "persuant [sic] to Federal Rules of Civil Procedures 56(f)(2)."  (*Id.*)  In the body of the first page of that form Plaintiff wrote that he desired "an enlargement of 60 days to file the opposition of motion for summary judgment."  (Doc. 35, at 1:19-21.)  In his supporting declaration, Plaintiff stated that he was "waiting on a declaration from a retired C.D.C. officer, Mantzuranus;" that the summary judgment was approximately 600 pages long and "takes time to review because [he is] a layman at law;" that he has never done the exercises (burpees) to have been videoed as referenced and relied on in Defendant's motion for summary judgment; and that he needed the continuance "to enable [him] to obtain affidavits and discovery (video tape) in this matter . . . ."  (Doc. 35, at 3:13-15, 20-28; 4:5-7.)

Rule 56(f)(2) provides that, after giving notice and a reasonable time to respond, the Court may grant a motion for summary judgment "on grounds not raised by a party" which would have been adverse to Plaintiff's interests and clearly was not what Plaintiff desired when he filed his Motion for EOT.  Plaintiff requested "an enlargement of 60 days to file the opposition of motion

1  for summary judgment" in his Motion for EOT (Doc. 35, at 1:19-21).  This is not an unusual
2  request that appeared designed to allow Plaintiff's receipt of items that he was already in the
3  process of obtaining to formulate and file an opposition.  An extension of time to file his
4  opposition to Defendant's motion for summary judgment is precisely what Plaintiff received.
5  (Doc. 36.)

6       Plaintiff's Motion to Clarify implies that his intent behind his Motion for EOT was to
7  obtain an extension of time under Rule 56(d)(2) "to obtain affidavits or declarations or to take
8  discovery."  Unfortunately, it appears that Plaintiff's understanding as to the circumstances under
9  which subsection (d)(2) can be invoked to delay ruling on a motion for summary judgment is
10 erroneous.  Plaintiff apparently believed that requesting an extension of time to obtain affidavits
11 and discovery to oppose the motion for summary judgment would entirely reopen discovery in
12 this case.  However, the Amended Second Informational Order in this case, specifically stated
13 that the Court would consider a request to postpone consideration of a defense motion for
14 summary judgment under Rule 56(d) if discovery had not yet opened, or was still open and
15 Plaintiff stated the specific facts he hoped to elicit from further discovery, a showing that the facts
16 exist, and that the facts are essential to opposing the motion.  (Doc. 34, at 3:6-17.)  Rule 56(d)
17 does not reopen discovery; rather it forestalls ruling on a motion for summary judgment in cases
18 where discovery is still open and provides the prospect of defeating summary judgment.  The
19 initial requirement of an extension under Rule 56(d) is lacking in this case as discovery closed on
20 September 30, 2013.[1]  (Doc. 22.)

**III.  Motion for Reconsideration**

Reconsideration motions are committed to the discretion of the trial court.  *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly

---

[1] Plaintiff does not request and has not made the requisite showing for modification of the Scheduling Order to reopen discovery in this action.  *See* Rule 16 (b)(3)(A).  Plaintiff's previous request to modify the Scheduling Order was denied.  (*See* Docs. 28, 29.)  It is noteworthy that, in the denial order, Plaintiff was advised both of the requisite showing and that he could renew his motion prior to the discovery cutoff (*see* Doc. 29, n.1), but that Plaintiff chose not to do so.

convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

A motion to reconsider a Magistrate Judge's ruling is examined under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).

Plaintiff has not shown that the ruling in the EOT Order were clearly erroneous or contrary to law. As discussed above, the only thing that Plaintiff's Motion to Clarify has shown is his own misunderstanding of the application and purpose of the various subsections of Rule 56.

**IV. Order**

Accordingly, it is HEREBY ORDERED that, to the extent that this order explains Plaintiff's conundrum, his "Motion Requesting Court To Clarify It's [sic] Order of December 23, 2013 From The Actual Grounds The Extension of Time was Requested," filed January 9, 2013 (Doc. 37), is **GRANTED**; to the extent that Plaintiff seeks reconsideration of the EOT Order in order to extend the discovery deadline, his motion is **DENIED**.

IT IS SO ORDERED.

Dated: **January 23, 2014**                    /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

4