1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DUMAS,<br><br>        Plaintiff,<br><br>   v.<br><br>BANGI, M.D., et al.,<br><br>        Defendants. | **Case No.  1:12-cv-01355-LJO-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RULE 11 SANCTIONS AND ORDERING PLAINTIFF FILE AN OPPOSITION TO DENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. 42)**<br><br>**30 DAY DEADLINE** |

Plaintiff, David Dumas, is a state prisoner proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 on his claims under the Eight Amendment against Defendant Bangi, M.D.  On November 21, 2013, Defendant filed a motion for summary judgment.  (Doc. 32.) Plaintiff has requested and received extensions of time to file his opposition thereto.  (Docs. 35-40.) Plaintiff was previously advised of his options to respond to or otherwise oppose a motion for summary judgment.  (*See* Doc. 34.)  Despite this, rather than file an opposition, Plaintiff filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure and seeks not to have to file an opposition until his Rule 11 motions has been ruled on.  (Doc. 42.)  Defendant has not filed an opposition.[1]

In Plaintiff's motion for sanctions under Rule 11, Plaintiff argues that Defendant

---

[1] Despite this, the Court rules on Plaintiff's motion for sanctions since Defendants will not be prejudiced by this denial.

27
28

1

erroneously claims that "Plaintiff's decade-long substance abuse history is well documented" and attacks the evidence upon which Defendant bases this claim.

Rule 11 is intended to deter baseless filings in district court and imposes a duty of "reasonable inquiry" so that anything filed with the court is "well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (internal quotation marks omitted).

Plaintiff argues that sanctions under Rule 11 are appropriate based on both references in Defendant's motion for summary judgment to Plaintiff's past drug use and references in Dr. Bangi's declaration to a videotape of Plaintiff supposedly doing burpees, pushups against an incline bar, and walking briskly in the main exercise yard that Plaintiff argues is not "well-grounded evidence," "lacks time, date, and chain of evidence" for the videotape, and is not supported by a declaration either from Dr. St. Clair or the unknown correctional officer who took the video.  Such discrepancies are properly raised to attack evidence in opposition to a motion for summary judgment.  Plaintiff was previously advised how to properly show that Defendant's facts are disputed and should raise his objections to Defendant's evidence in his opposition.  (*See* Doc. 34.)

Further, "a motion for sanctions may not be filed, however, unless there is strict compliance with Rule 11's safe harbor provision." *Islamic Shura Council of Southern California v. F.B.I.*, --- F.3d ---, 2014 WL 1013324 (9th Cir. March 18, 2014), *ref. Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir.2005) (holding that Rule 11's safe harbor provision is strictly enforced) and *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir.1997) (noting that "Rule 11 cases emerging in the wake of the 1993 amendments [to Rule 11] have found [compliance with] the 'safe harbor' provision to be an absolute requirement.").  Any motion for sanctions must be served on the offending party at least 21 days before the motion is filed with the court. Fed.R.Civ.P. 11(c)(2).  Plaintiff did not attach a proof of service to show the date that he served his motion on Defendant.  While Plaintiff argues that he met the requirements, the section of his motion addressing the safe harbor service provisions states "Plaintiff has submitted this F.R.C.P. Rule 11 Motion on _____ which is 21 days before filing with the Court.  Given [sic] the

Defendant the opportunity to voluntary [sic] withdraw the motion for Summary Judgment."

(Doc. 42, 6:1-9.)  This is insufficient to show compliance with Rule 11's safe harbor provisions.

Even if it were specific enough to meet the requirements, Plaintiff did not submit any statement to

that effect which is signed under penalty of perjury to meet his burden as the party requesting

imposition of sanctions.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for Rule 11 sanctions, filed

April 21, 2014 (Doc. 42), is **DENIED**.  **Plaintiff is advised that should he fail to file an**

**opposition to the motion for summary judgment (Doc. 23) within 30 days of the date of this**

**order, the Court will determine the motion based upon Defendant's papers alone.**

IT IS SO ORDERED.

Dated:   **April 24, 2014**                                     **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE